# EXHIBIT C

## TO

### NOTICE OF REMOVAL
### TO FEDERAL COURT

**ANSWER OF DEFENDANT FIRST TRANSIT, INC.
TO PLAINTIFF'S CLASS ACTION COMPLAINT
FILED JULY 18, 2018**

DAVID J. DOW, Bar No. 179407
MATTHEW B. RILEY, Bar No. 257643
LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
Telephone: 619.232.0441
Fax No.: 619.232.4302

Attorneys for Defendant
FIRST TRANSIT, INC.

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| CECIL FRENCH, on behalf of himself and all others similarly situated current and former employees of FIRST TRANSIT, INC., <br><br>Plaintiffs, <br><br>v. <br><br>FIRST TRANSIT, INC., a Delaware corporation and DOES 1-10, inclusive, <br><br>Defendant. | Case No. 37-2018-00021966-CU-OE-CTL <br><br>*ASSIGNED FOR ALL PURPOSES TO:* <br>HON. KENNETH J. MEDEL, DEPT. C-66 <br><br>**ANSWER OF DEFENDANT FIRST TRANSIT, INC. TO PLAINTIFF'S CLASS ACTION COMPLAINT** <br><br>Complaint Filed: May 2, 2018 |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ANSWER OF DEFENDANT FIRST TRANSIT, INC. TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant FIRST TRANSIT, INC. ("Defendant") hereby answers the Class Action Complaint ("Complaint") filed by Plaintiff CECIL FRENCH ("Plaintiff") as follows:

### GENERAL DENIAL

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant denies, generally and specifically, all material allegations contained in each and every cause of action of the Complaint. In addition, Defendant further denies that Plaintiff has been damaged or has sustained or will sustain any loss or damage in any manner or amount whatsoever as a result of any act or omission on the part of Defendant.

### AFFIRMATIVE DEFENSES

Defendant further asserts the following affirmative defenses to the Complaint and each claim therein. By asserting the defenses, Defendant does not concede that it has the burden of production or proof as to any affirmative defense asserted below. Defendant does not presently know all of the factors concerning the conduct of Plaintiff sufficient to state all affirmative defenses at this time. Defendant will seek leave of court to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every alleged cause of action therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's state law claims are preempted in whole or in part by federal law, including, but not limited to, Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

### THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the putative class members have failed to exercise reasonable care to mitigate their damages, if any, and that if it is determined that they have the right to any recovery against Defendant, such recovery should be reduced and/or eliminated by such failure.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

2.

ANSWER OF DEFENDANT FIRST TRANSIT, INC. TO PLAINTIFF'S CLASS ACTION COMPLAINT

**FOURTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to allege special damages with requisite specificity.

**FIFTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred by his own, and putative class members', breach of duties owed to Defendant under California Labor Code §§ 2856 and 2859.

**SIXTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that if either Plaintiff or any putative class member "worked" hours for which compensation was not paid, Defendant had no knowledge, or reason to know, of such "work" and such "work" was undertaken without the consent or permission of Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that any time either Plaintiff or the individuals he seeks to represent spent on work-related activities for which compensation was otherwise due but was not paid was *de minimus* such that no compensation is owed.

**EIGHTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that all or portions of the claims set forth in the Complaint are barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure §§ 338(a), 339, 340(a), California Business and Professions Code § 17208, and any other applicable statute of limitations.

**NINTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that all or portions of Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, and/or estoppel, including to the extent that Plaintiff and/or putative class members failed to comply with Defendant's policies and procedures relating to rest periods, recording of time worked or other employment-related policies relating to the allegations in the Complaint.

////

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

3.

ANSWER OF DEFENDANT FIRST TRANSIT, INC. TO PLAINTIFF'S CLASS ACTION COMPLAINT

**TENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each purported cause of action alleged therein, should be abated in the Court's discretion, and Plaintiff and the putative class should be required to pursue their administrative remedies with the California Division of Labor Standards Enforcement, which has primary jurisdiction over their claims.

**ELEVENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that the alleged injuries to Plaintiff and the putative class members were not proximately caused by any unlawful policy, custom, practice, and/or procedure promulgated and/or tolerated by Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that any loss or damage sustained by Plaintiff and the putative class members, if any, were caused by the acts or omissions of Plaintiff and the putative class, or persons other than Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that any unlawful or other wrongful acts of any person(s) employed by Defendant were outside of the scope of his or her authority and such act(s), if any, were not authorized, ratified, or condoned by Defendant, nor did Defendant know or have reason to be aware of such alleged conduct.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each purported claim contained therein, is barred to the extent Plaintiff and the putative class members, by their acts, conduct, and omissions, expressly or impliedly waived whatever rights they may have had to rest breaks or misled Defendant regarding their rest breaks.

**FIFTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that each purported cause of action in the Complaint, or some of the causes of action, are barred, or recovery should be reduced, pursuant to the doctrine of avoidable consequences.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

4.

ANSWER OF DEFENDANT FIRST TRANSIT, INC. TO PLAINTIFF'S CLASS ACTION COMPLAINT

### SIXTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the claims alleged by Plaintiff are barred because, without admitting that Defendant owed any duties or obligations to Plaintiff and the putative class members, such duties or obligations have been fully performed, satisfied or discharged.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the principles of fairness and equity operate to bar the imposition of penalties under California Labor Code § 226.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained because, without admitting that any violation took place, Defendant alleges that any violation of the California Labor Code, or of a Wage Order of the Industrial Welfare Commission, was an act or omission made in good faith, and that in any participation in such acts, Defendant had reasonable grounds for believing that the act or omission was not a violation of the California Labor Code, or any Wage Order of the Industrial Welfare Commission.

### NINETEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that assuming, *arguendo*, that Plaintiff and the putative class members are entitled to additional compensation, Defendant has not willfully or intentionally failed to pay any such additional compensation to Plaintiff and the putative class members to justify any awards of penalties, fees, or liquidated damages.

### TWENTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred because Plaintiff and the putative class failed to timely and completely exhaust the requisite administrative remedies, statutory, and/or contractual remedies available to them, including under any applicable collective bargaining agreement, prior to commencing this action.

////

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

5.

ANSWER OF DEFENDANT FIRST TRANSIT, INC. TO PLAINTIFF'S CLASS ACTION COMPLAINT

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that its business actions or practices were not unfair, unlawful, fraudulent, or deceptive within the meaning of California Business and Professions Code § 17200 *et seq.*

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense to the Complaint and to the cause of action therein for alleged violation of California Business and Professions Code § 17200 *et seq.*, Plaintiff's claims (and those of the putative class) are barred because California Business and Professions Code § 17200 *et seq.* is unconstitutionally vague and overbroad and the manner in which Plaintiff alleges that said statutes apply to Defendant's business practices constitutes a violation of Defendant's rights to substantive and procedural due process rights under the Fourteenth Amendment of the United States Constitution and under the California Constitution.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the putative class are barred from obtaining relief pursuant to their cause of action for violation of California Business and Professions Code § 17200 *et seq.* because California law does not permit representative actions where liability can only be determined through fact-intensive individualized assessments of alleged wage and hour violations.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that this suit may not be properly maintained as a class action because: (a) Plaintiff has failed to plead and cannot establish the necessary procedural elements for class treatment; (b) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint; (c) common issues of fact or law do not predominate; to the contrary, individual issues predominate; (d) the named Plaintiff's claims are not representative or typical of the claims of the putative class members; (e) the named Plaintiff cannot fairly and adequately represent the interests of the putative class members; (f) the named Plaintiff and alleged putative class counsel are not adequate representatives for the

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

6.

ANSWER OF DEFENDANT FIRST TRANSIT, INC. TO PLAINTIFF'S CLASS ACTION COMPLAINT

putative class members; and/or (g) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the putative class members.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that this suit may not be properly maintained as a class action because a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant opposes class certification and disputes the propriety of class treatment. If the Court certifies a class in this case over Defendant's objections, then Defendant asserts the affirmative defenses set forth herein against each and every member of the certified class.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the adjudication of the claims of the putative class through generalized class-wide proof violates Defendant's due process rights and right to trial by jury guaranteed by the United States Constitution and California Constitution.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the prayer for restitution and declaratory relief is barred with respect to any and all alleged violations of California Business and Professions Code § 17200 *et seq.* that have discontinued, ceased, and are not likely to recur.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that it is entitled to an offset against any relief due Plaintiff and/or those persons he seeks to represent, based upon their respective wrongful conduct and/or monies owed to Defendant, including, but not limited to, any overpayments made to Plaintiff and/or those persons he seeks to represent and any contractual damages and/or indemnity owed by Plaintiff and/or those persons he seeks to represent as the result of their failure to perform their contractual obligations or overpayment for hours worked.

7.

ANSWER OF DEFENDANT FIRST TRANSIT, INC. TO PLAINTIFF'S CLASS ACTION COMPLAINT

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

**THIRTIETH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges on information and belief that the Complaint is or may be barred and/or relief is or may be limited due to after-acquired evidence.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the putative class members consented to, encouraged, or voluntarily participated in all actions taken, if any.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the putative class members are not entitled to equitable relief insofar as they have adequate remedies at law.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that the claims for penalties, including waiting time penalties under California Labor Code § 203, are barred because: (1) a good faith, bona fide dispute exists or existed as to whether additional compensation is or was owed, pursuant to California Labor Code §§ 201, 202 and 203; (2) Defendant has not intentionally or willfully failed to pay such additional compensation; and (3) to impose penalties in this action would be inequitable and unjust.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and/or any of the other putative class members sustained no injury, as defined in California Labor Code § 226(e)(2), from any alleged failure to provide wage statements in conformity with California Labor Code § 226(a) or from any other alleged violation of the California Labor Code.

8.

ANSWER OF DEFENDANT FIRST TRANSIT, INC. TO PLAINTIFF'S CLASS ACTION COMPLAINT

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that any alleged failure to provide Plaintiff and/or any of the other putative class members with wage statements in conformity with California Labor Code § 226(a), to pay Plaintiff or any of them, timely and properly, or any other alleged violation of the California Labor Code was not knowing, intentional or willful.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint is barred because even assuming arguendo that Plaintiff and/or any of the other putative class members were subjected to inadequate rest breaks, any allegedly short rest breaks are *de minimis*.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays that:

1. The Complaint be dismissed in its entirety, with prejudice, and that Plaintiff take nothing by way of his Complaint;

2. Judgment be entered against Plaintiff and in favor of Defendant on each cause of action in the Complaint;

3. Defendant be awarded its costs of suit and reasonable attorneys' fees incurred herein to the extent permitted under applicable law; and

4. The Court award Defendant such other and further relied as it deems appropriate.

Dated: July 18, 2018

       /s/ Matthew B. Riley
DAVID J. DOW
MATTHEW B. RILEY
LITTLER MENDELSON, P.C.
Attorneys for Defendant
FIRST TRANSIT, INC.

Firmwide:155503896.2 070993.1121

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

9.

ANSWER OF DEFENDANT FIRST TRANSIT, INC. TO PLAINTIFF'S CLASS ACTION COMPLAINT

POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* |
|---|
| DAVID J. DOW, SBN 179407; MATTHEW B. RILEY, SBN 257643 |
| LITTLER MENDELSON, P.C. |
| 501 W. Broadway, Suite 900 |
| San Diego, CA  92101-3577 |
| TELEPHONE NO.: (619) 232-0441    FAX NO. *(Optional):* (619) 232-4302 |
| E-MAIL ADDRESS *(Optional):* ddow@littler.com;mriley@littler.com |
| ATTORNEY FOR *(Name):* Defendant FIRST TRANSIT, INC. |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division

PLAINTIFF/PETITIONER: CECIL FRENCH
DEFENDANT/RESPONDENT: FIRST TRANSIT, INC.

**PROOF OF SERVICE—CIVIL**

**Check method of service** *(only one):*

☐ By Personal Service   ☒ By Mail   ☐ By Overnight Delivery
☐ By Messenger Service   ☐ By Fax   ☐ By Electronic Service

CASE NUMBER:
37-2018-00021966-CU-OE-CTL

JUDGE: Hon. Kenneth J. Medel
DEPT.: C-66

*(Do not use this proof of service to show service of a Summons and complaint.)*

1. At the time of service I was over 18 years of age and **not a party to this action.**

2. My residence or business address is:
   501 W. Broadway, Suite 900, San Diego, CA  92101-3577.

3. ☐ The fax number or electronic service address from which I served the documents is *(complete if service was by fax or electronic service):*

4. On *(date):* July 18, 2018    I served the following **documents** *(specify):*

   ### ANSWER OF DEFENDANT FIRST TRANSIT, INC. TO PLAINTIFF'S CLASS ACTION COMPLAINT

   ☐ The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:

   a. Name of person served:  (1) Daniel R. Shinoff, Esq. and David L. Lewis, Esq.; and (2) Sheldon A. Ostroff, Esq.

   b. ☒ *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
   Business or residential address where person was served:

   (1) ARTIANO SHINOFF, 2488 Historic Decatur Road, Suite 200, San Diego, CA 92106

   (2) LAW OFFICES OF SHELDON A. OSTROFF, 2488 Historic Decatur Road, Suite 200, San Diego, CA 92106

   c. ☐ *(Complete if service was by fax or electronic service.)*
   (1) Fax number or electronic service address where person was served:

   (2) Time of service:

   ☐ The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):*

   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

**Page 1 of 2**

Form Approved for Optional Use
Judicial Council of California
POS-040 [Rev. July 1, 2011]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

Code of Civil Procedure., §§ 1010.6, 1011, 1013, 1013a,
2015.5; Cal. Rules of Court, rules 2.260, 2.306
www.courts.ca.gov


American LegalNet, Inc.
www.FormsWorkFlow.com

**POS-040**

| CASE NAME | CASE NUMBER: |
|---|---|
| FRENCH v. FIRST TRANSIT, INC. | 37-2018-00021966-CU-OE-CTL |

6. b. ☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

    (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) ☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):* San Diego, California

c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. ☐ **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in item 5.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 18, 2018

Cindy Lewis
(TYPE OR PRINT NAME OF DECLARANT)

*(signature)*
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

### DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

(NAME OF DECLARANT)          (SIGNATURE OF DECLARANT)



**Confirmation #:** 21724851
**Case Title:** French vs First Transit Inc [E-FILE]

Thank you for choosing One Legal. If you have any questions about this order, please email us at support@onelegal.com.

## CASE INFORMATION

| | |
|---|---|
| **Court Name:** | San Diego County, Superior Court of California |
| **Court Branch:** | Central |
| **Case Title:** | French vs First Transit Inc [E-FILE] |
| **Case Category:** | Civil - Unlimited |
| **Case Type:** | Other employment |
| **Jurisdictional Amount:** | Over $25,000 |
| **Case #:** | 37-2018-00021966-CU-OE-CTL |

## ORDER DETAILS

| | |
|---|---|
| **Order Type:** | eFiling |
| **Filing order #:** | 12148062 |
| **Date/Time Submitted:** | 7/18/2018 1:51 PM PT |
| **Client Billing Code:** | 070993.1121 |
| **Contact Name:** | Cindy Lewis |
| **Attorney Name:** | Matthew Riley |
| **Email Notification:** | Contact |

## DOCUMENTS

| Document Type | Document Title | Pages Uploaded |
|---|---|---|
| Answer | Answer of Defendant First Transit, Inc. to Plaintiff's Class Action Complaint | 9 |
| Proof of Service | Proof of Service | 2 |

Copyright © 2018 One Legal LLC • www.onelegal.com