ARTIANO SHINOFF
Daniel R. Shinoff, Esq. (SBN 99129)
dshinoff@as7law.com
Paul V. Carelli, IV, Esq. (SBN 190773)
pcarelli@as7law.com
Gil Abed, Esq. (SBN 195771)
gabed@as7law.com
2488 Historic Decatur Road, Suite 200
San Diego, California  92106
Telephone: 619-232-3122
Facsimile: 619-232-3264

LAW OFFICES OF SHELDON A. OSTROFF
Sheldon A. Ostroff, Esq. (SBN 108510)
sostrofflaw@gmail.com
2488 Historic Decatur Road, Suite 200
San Diego, California  92106
Telephone: 619-232-3122
Facsimile: 619-232-3264

Attorneys for Plaintiff CECIL FRENCH

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL FRENCH on behalf of himself and all others similarly situated current and former employees of First Transit, Inc.<br><br>Plaintiff,<br><br>v.<br><br>FIRST TRANSIT, INC. and DOES 1-10 inclusive,<br><br>Defendants. | Case No.: 3:18-cv-01648-CAB-MSB<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>**1. FAILURE TO PROVIDE UNINTERRUPTED REST PERIODS (LAB. CODE § 226.7)**<br><br>**2. FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS (LAB. CODE § 226(a))**<br><br>**3. UNLAWFUL BUSINESS PRACTICES (BUS. & PROF. CODE § 17200, *ET SEQ.*)** |

Plaintiff CECIL FRENCH, an individual, and KATHLEEN BREISACHER, an individual, on behalf of themselves ("Plaintiffs") and all others similarly situated, and on behalf of the general public, complain of Defendant FIRST TRANSIT, INC., a Delaware corporation ("Defendant") as follows:

/ / /

## I.  INTRODUCTION

1. This is a Class Action, brought pursuant to Code of Civil Procedure section 382, on behalf of Plaintiffs and all individuals employed by Defendant and classified as "Para-transit Bus Drivers" worked within the State of California from the date of May 2, 2014, to the present.

2. From May 2, 2014, to the filing of this action and continuing to the present, Defendant has had a consistent policy of failing to inform Para-transit Bus Drivers of their right to take rest periods and of failing to provide each Para-transit Bus Driver employed within the State of California, including Plaintiffs, rest periods of at least ten (10) minutes per four hours worked or major fraction thereof, in accordance with California law, and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period was not provided, as required by California state wage and hour laws.

3. From May 2, 2014, to the filing of this action and continuing to the present, Defendant has failed to comply with Labor Code section 226(a) and Industrial Welfare Commission ("IWC") Wage Order 9-2001 by failing to maintain Plaintiffs and the other aggrieved employees accurate itemized wage statements that properly reflected Plaintiffs and the other aggrieved employees' rest break premiums at the correct regular rate of pay.

4. From May 2, 2014, to the filing of this action and continuing to the present, Defendant has failed to pay all wages due at the time of termination or resignation to Plaintiffs and/or each Para-transit Bus Driver.

5. Plaintiffs, on behalf of themselves and all Para-transit Bus Drivers, bring this action pursuant to Labor Code sections 201, 202, 203, 226(a), 226.7, 558, Wage Order 9-2001; and California Code of Regulations, Title 8, Section 11090, seeking rest break premiums, statutory and civil penalties, injunctive and other equitable relief,

FIRST AMENDED CLASS
ACTION COMPLAINT

Case No. 18-cv-01648-CAB-MSC

ARTIANO SHINOFF

reasonable attorneys' fees and costs, and interest.

6. Plaintiffs, on behalf of themselves and all Para-transit Bus Drivers, and on behalf of the general public, pursuant to Business & Professions Code sections 17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendant enjoyed from its unlawful conduct as described herein.

## II.   JURISDICTION

7. This Court has subject matter jurisdiction over all causes of action asserted herein pursuant to Article VI, section 10, of the California Constitution and California Code of Civil Procedure section 410.10 by virtue of the fact that this is a civil action in which the matter in controversy, exclusive of interest, exceeds $25,000.00, and because each cause of action asserted arises under the laws of the State of California or is subject to adjudication in the courts of the State of California.

8. This Court has personal jurisdiction over Defendant because Defendant has caused injuries in the County of San Diego and the State of California through its acts, and by its violation of the California Labor Code, California state common law, and California Business & Professions Code sections 17200, *et seq.*

9. Venue as to each Defendant is proper in this judicial district, pursuant to Code of Civil Procedure section 395. Defendant operates throughout the State of California and does business within the County of San Diego. The unlawful acts alleged herein have a direct effect on Plaintiffs and all Para-transit Bus Drivers within the State of California and the County of San Diego.

10. This case should be classified as complex according to Rule 3.400 of the California Rules of Court and Local Rule 7.3(k) of the San Diego County Superior Court, and assigned to a complex litigation judge and department, as it will involve substantial documentary evidence, a large number of witnesses, and is likely to involve extensive motion practice raising difficult or novel issues that will be time-

Artiano Shinoff

consuming to resolve and would require substantial post-judgment judicial supervision.

### III.   PARTIES

**A. Plaintiff**

11.   Plaintiff CECIL FRENCH ("FRENCH") is a resident of California.

12.   Plaintiff FRENCH and all Para-transit Bus Drivers were regularly required to:

    a.   Work without being provided their rest periods as required by California law; and

    b.   Work without being provided an accurate itemized wage statement that reflected all deductions from payment of wages and accurately report total hours worked, including the total daily hours worked and the applicable rates of pay by Plaintiff and the members of the Proposed Class.

**B. Plaintiff**

13.   Plaintiff KATHLEEN BREISACHER ("BREISACHER") is a resident of the County of San Diego, California.

14.   Plaintiff BREISACHER and all Para-transit Bus Drivers were regularly required to:

    a.   Work without being provided their rest periods as required by California law; and

    b.   Work without being provided an accurate itemized wage statement that reflected all deductions from payment of wages and accurately report total hours worked, including the total daily hours worked and the applicable rates of pay by Plaintiff and the members of the Proposed Class.

15.   Defendant willfully failed to compensate Plaintiffs and all Para-transit Bus Drivers for wages earned at the termination of their employment with Defendant.

**C. Defendants**

16.   Defendant FIRST TRANSIT, INC. is a Delaware corporation licensed to do and doing business throughout the State of California, including the County of San Diego.

17.   The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiffs, whom therefore sue Defendants by such fictitious names under Code of Civil Procedure section 474.  Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

18.   Plaintiffs are informed and believe, and based thereon allege, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.  Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiffs and Para-transit Bus Drivers.

### IV.   FACTUAL BACKGROUND

19.   Plaintiffs and the Proposed Class are, and at all times pertinent hereto, have been classified as non-exempt employees by Defendant.  Defendant hires employees who work as Para-transit Bus Drivers who are paid an hourly rate.

20.   Upon information and belief, Plaintiffs and the Proposed Class are covered by California Industrial Welfare Commission Occupational Wage Order No.

9-2001. (Tit. 8, Cal. Code of Regs. § 11090.)

21. Plaintiffs and all other Para-transit Bus Drivers have been forced by Defendant to work four-hour increments (or major fractions thereof) without being provided with a lawful ten (10) minute rest period in accordance with California law. Additionally, Defendant failed to inform Plaintiffs and the Proposed Class of their right to take lawful rest periods in accordance with California law.

22. Defendant has failed to comply with IWC Wage Order 9-2001(7) and Labor Code section 226(a) by failing to maintain accurate time records showing the total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours and applicable rates of pay for Plaintiffs and the Proposed Class.

23. Defendant willfully failed to pay all wages earned Plaintiffs and/or Para-transit Bus Drivers at the time of discharge. This failure was willful, without legal justification, and in violation of Labor Code sections 201, 202, and/or 203.

## V. CLASS ACTION ALLEGATIONS

24. Plaintiffs bring this action on behalf of themselves and all others similarly situated as a Class Action pursuant to Code of Civil Procedures section 382. Plaintiff seeks to represent a Class composed of and defined as follows:

> All persons who are employed or have been employed by FIRST TRANSIT, INC. in the State of California and classified as a Para-transit Bus Driver during the four-year period preceding the filing of this action ("Wage Class")

25. Plaintiffs reserve the right under Rule 3.765(b) of the California Rules of Court to amend or modify the class description with greater specificity, by division into subclasses, or by limitation to particular issues.

26. This action has been brought and may properly be maintained as a Class Action under the provisions of Code of Civil Procedure section 382 because there is a

well-defined community of interest in the litigation and the Proposed Wage Class is easily ascertainable.

### A. Numerosity

27. The potential members of the Proposed Wage Class as defined are so numerous that joinder of all the members of the Proposed Wage Class is impracticable. While the precise number of proposed Wage Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendant currently employs, and during the relevant time periods employed, more than 1,000 members of the Proposed Wage Class.

28. Plaintiffs allege that Defendant's employment records would provide information as to the number of members of the Proposed Wage Class and the locations where such class members were employed. Joinder of all members of the Proposed Wage Class is not practicable.

### B. Commonality

29. There are questions of law and fact common to the Proposed Wage Class that predominate over any questions affecting only individual Proposed Wage Class members. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated Labor Code section 226.7 and IWC Wage Order 9-2001 or other applicable IWC Wage Orders, by failing to inform Plaintiff and the Proposed Wage Class Members of their right to take rest periods in accordance with California law and failing to provide legally required rest periods throughout the term of the Class Period and failing to compensate Para-transit Bus Drivers one (1) hours wages in lieu of rest periods;

    b. Whether Defendant violated Labor Code section 226(a) and Wage Order 9-2001 or other applicable IWC Wage Orders, and Cal. Code

ARTIANO SHINOFF

Regs., Tit. 8, Sec. 11090, by failing to provide accurate itemized wage statements that reflect all deductions from payment of wages and the total hours worked and the applicable rates, for Plaintiff and the members of the Proposed Wage Class;

    c.    Whether Defendant violated Labor Code sections 201 through 203 by failing to pay compensation due and owing at the time Plaintiff and the proposed Wage Class Members' at time of discharge;

    d.    Whether Defendant violated Business & Professions Code section 17200, *et seq.*, by engaging in the acts previously alleged; and

    e.    Whether Plaintiffs and the members of the Proposed Wage Class are entitled to equitable relief pursuant to Business & Professions Code section 17200, *et seq.*

### C. Typicality

30. Plaintiffs' claims are typical of the claims of the Proposed Wage Class Members. Plaintiffs and all members of the proposed Wage Class sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of California statutory and common law, regulations that have the force and effect of law, and statutes as alleged herein.

### D. Adequacy of Representation

31. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Proposed Wage Class. Counsel who represent Plaintiffs and the Proposed Wage Class are competent and experienced in litigating large employment class actions.

### E. Superiority of Class Action

32. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Proposed Wage

Class Members is not practicable, and questions of law and fact common to the Proposed Class predominate over any questions affecting only individual members of the Proposed Wage Class. Each member of the Proposed Wage Class has been damaged and is entitled to recovery by reason of Defendant's illegal policy and/or practice of failing to provide lawful rest periods, failing to provide accurate itemized wage statements, and failing to pay all wages due upon discharge.

33. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## VI.   FIRST CAUSE OF ACTION
## FAILURE TO ALLOW REST PERIODS PURSUANT TO LABOR CODE § 226.7

34. Plaintiffs, on behalf of themselves and the Proposed Class, reallege and incorporate by reference all previous paragraphs.

35. Labor Code section 226.7 requires an employer to pay an additional one (1) hour of compensation for each rest period the employer fails to provide in accordance with California law. Employees are entitled to a paid ten (10) minute rest break for every four (4) hours worked (or major fraction thereof) in the middle of the work period. Defendant failed to maintain a policy of informing Plaintiffs and the Proposed Wage Class of this right.

36. Plaintiffs and the Proposed Wage Class consistently worked shifts with no rest breaks, uninterrupted rest breaks of less than 10 minutes and/or rest breaks that are not provided or scheduled in the middle of a work period and Defendant failed to maintain an accurate policy advising Plaintiffs and the Proposed Class of these rest breaks and failed to provide Plaintiffs and the Proposed Class with rest breaks of not

less than ten (10) minutes, as required by the Labor Code, during the relevant time period.

37. Pursuant to Labor Code section 226.7, Plaintiffs and the Proposed Class are entitled to damages in an amount equal to one (1) hour of wages per missed rest period as required by California law in a sum to be proven at trial.

38. Plaintiffs also seek attorneys' fees and costs to the extent permitted by Labor Code section 218.5.

## VII.  SECOND CAUSE OF ACTION
## VIOLATION OF LABOR CODE § 226(a)

39. Plaintiffs, on behalf of themselves and the Proposed Class, reallege and incorporate by reference all previous paragraphs.

40. Section 226(a) of the Labor Code requires employers to itemize in wage statements all deductions from payment of wages, the appropriate rates of pay, and to accurately report total hours worked, and gross/net wages earned by Plaintiffs and the Proposed Class.  Defendant failed to include all deductions from payment of wages, the appropriate rates of pay, and the actual total hours worked, and gross/net wages earned by Plaintiffs.  As a result, Defendant has knowingly and intentionally failed to comply with Labor Code section 226(a).

41. IWC Wage Order 9-2001 requires Defendant to maintain time records, showing, among other things, when the employee beings and ends each work period, split shift intervals, and total daily hours worked in an itemized wage statement, and must show all deductions from payment of wages, and accurately report total hours worked, and gross/net wages earned by Plaintiffs and the members of the Proposed Class.  Defendant failed to keep accurate records of the total daily hours worked.

42. An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code section 226(a) is entitled to

10

FIRST AMENDED CLASS ACTION COMPLAINT                    Case No. 18-cv-01648-CAB-MSC

1  recover the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurs and one hundred dollars ($100.00) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00), and is entitled to an award of costs and reasonable attorneys' fees.

43.  Plaintiffs and the Proposed Wage Class suffered injury from Defendant's knowing and intentional failure to include all deductions from payment of wages, the appropriate rates of pay, and the actual total hours worked, and gross/net wages earned by Plaintiffs, and are therefore entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which the violation occurred and one hundred dollars ($100.00) for each subsequent violation, not exceeding an aggregate penalty of four thousand dollars ($4,000.00).

44.  Plaintiffs also seek attorneys' fees and costs to the extent permitted by Labor Code section 218.5.

## VIII.  THIRD CAUSE OF ACTION
## UNFAIR COMPETITION PURSUANT TO
## BUSINESS & PROFESSIONS CODE § 17200

45.  Plaintiffs, on behalf of themselves and the Proposed Class, reallege and incorporate by reference all previous paragraphs.

46.  This is a class action for unfair business practices.  Plaintiffs, on behalf of themselves, on behalf of the general public, and on behalf of the Proposed Wage Class, brings this claim pursuant to Business & Professions Code section 17200, *et seq*.  The conduct of Defendant as alleged in this Complaint has been and continues to be unlawful, deceptive, unfair and harmful to Plaintiffs, the general public, and the Proposed Wage Class.  Plaintiffs seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

47.  Plaintiff is a "person" within the meaning of Business & Professions

11

FIRST AMENDED CLASS ACTION COMPLAINT                    Case No. 18-cv-01648-CAB-MSC

Code section 17204, and therefore, has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

48.     Business & Professions Code section 17200, *et seq.,* prohibits unlawful, deceptive and/or unfair business practices.

49.     California's wage and hour laws express fundamental public policies. Providing employees with proper wages and compensation are fundamental public policies of this State and of the United States. Labor Code section 90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

50.     Defendant has violated statutes and public policies as alleged herein. Through the conduct alleged in this Complaint, Defendant has acted contrary to these public policies, has violated specific provisions of the Labor Code as alleged herein, and has engaged in other unlawful and unfair business practices in violation of Business & Professions Code section 17200, *et seq*., depriving Plaintiffs, and all persons similarly situated, and all interested persons, of rights, benefits, and privileges guaranteed to all employees under the law.

51.     Defendant's conduct, as alleged hereinabove, constitutes unfair competition in violation of Business & Professions Code section 17200*, et seq.*

52.     Defendant, by engaging in the conduct herein alleged, either knew, or in the exercise of reasonable care, should have known that the conduct was unlawful. As such, it is a violation of Business & Professions Code section 17200, *et seq.*

53.     As a proximate result of the above-mentioned acts of Defendant, Plaintiffs and others similarly situated have been deprived of money and suffered injury in fact and are entitled to restitution of the wages they have been denied due to

Defendant's unlawful conduct alleged herein.

54. Unless restrained, Defendant will continue to engage in the unlawful conduct as alleged above. Pursuant to Business & Professions Code, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by Defendant, its agents, or employees, of any unlawful or deceptive practices prohibited by the Business & Professions Code, and/or, including, but not limited to, restitution and disgorgement of profits which may be necessary to restore Plaintiffs and members of the Proposed Class the money Defendant has unlawfully failed to pay.

## IX.   RELIEF REQUESTED

WHEREFORE, Plaintiffs pray for the following relief:

**ON THE FIRST CAUSE OF ACTION:**

1. For compensatory damages according to proof and calculated pursuant to the provisions of Labor Code sections 226.7 and 512;

2. For prejudgment interest;

3. For statutory penalties pursuant to Labor Code section 203 according to proof;

4. For reasonable attorneys' fees and costs of suit incurred herein pursuant to Labor Code 218.5;

5. For a preliminary and permanent injunction requiring Defendant to comply with Labor Code sections 226.7 and 512 and related orders of the IWC; and/or a preliminary and permanent injunction requiring Defendant to provide rest periods, pursuant to Labor Code sections 226.7 and 512 and IWC Wage Order No. 9-2001 for each of their employees who now work, and/or will in the future work, as a Para-transit Bus Driver for Defendant in California; and

6. For such other and further relief as this Court may deem just and proper.

13

FIRST AMENDED CLASS ACTION COMPLAINT

Case No. 18-cv-01648-CAB-MSC

ARTIANO SHINOFF

**ON THE SECOND CAUSE OF ACTION:**

1.  For damages pursuant to Labor Code section 226(a) according to proof at the time of trial;

2.  For statutory penalties pursuant to Labor Code section 226(a) according to proof;

3.  For reasonable attorneys' fees and costs of suit incurred herein pursuant to Labor Code section 218.5;

4.  For preliminary and permanent injunction requiring Defendant to comply with Labor Code section 226(a); and

5.  For such other and further relief as this Court may deem just and proper.

**ON THE THIRD CAUSE OF ACTION:**

1.  That the business practices alleged herein be declared in violation of public policy of the State of California, including but not limited to, Business & Professions Code section 17200, *et seq.*;

2.  For a preliminary and permanent injunction to prevent the use or employment by Defendant of each practice alleged herein and found to be unfair, unlawful and/or deceptive business practices;

3.  For a further order to restore to Plaintiffs, all persons similarly situated, and all members of the proposed class, any money which Defendant may have acquired by means of each practice alleged and found herein to be unfair, unlawful and/or deceptive business practice;

4.  For a further order to restore to Plaintiffs, all persons similarly situated, and all members of the proposed class, the value of any compensation and benefits which they were deprived by virtue of Defendant's conduct of engaging in each practice alleged herein and found to be an unfair, unlawful and/or deceptive business practice;

5.   For costs of suit herein incurred, including reasonable attorneys' fees and costs; and

6.   For such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

Dated: April 17, 2019   ARTIANO SHINOFF

By: _s/ Daniel R. Shinoff_
Daniel R. Shinoff
dshinoff@as7law.com
Paul V. Carelli, IV, Esq.
pcarelli@as7law.com
Gil Abed
gabed@as7law.com
Attorneys for Plaintiff CECIL FRENCH

Dated: April 17, 2019   LAW OFFICES OF SHELDON A. OSTROFF

By: _s/ Sheldon A. Ostroff_
Sheldon A. Ostroff
sostrofflaw@gmail.com
Attorneys for Plaintiff CECIL FRENCH