# EXHIBIT 3

ARTIANO SHINOFF

ARTIANO SHINOFF
Daniel R. Shinoff, Esq. (SBN 99129)
dshinoff@as7law.com
Paul V. Carelli, IV, Esq. (SBN 190773)
pcarelli@as7law.com
Gil Abed, Esq. (SBN 195771)
gabed@as7law.com
2488 Historic Decatur Road, Suite 200
San Diego, California 92106
Telephone: 619-232-3122
Facsimile: 619-232-3264

LAW OFFICES OF SHELDON A. OSTROFF
Sheldon A. Ostroff, Esq. (SBN 108510)
sostrofflaw@gmail.com
2488 Historic Decatur Road, Suite 200
San Diego, California 92106
Telephone: 619-232-3122
Facsimile: 619-232-3264

Attorneys for Plaintiff CECIL FRENCH

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL FRENCH on behalf of himself and all others similarly situated current and former employees of First Transit, Inc.<br><br>Plaintiff,<br><br>v.<br><br>FIRST TRANSIT, INC. and DOES 1-10 inclusive,<br><br>Defendants. | Case No.: 3:18-cv-01648-CAB-MSB<br><br>**[PROPOSED] SECOND AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. **FAILURE TO PROVIDE UNINTERRUPTED REST PERIODS (LAB. CODE § 226.7)**<br>2. **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS (LAB. CODE § 226(a))**<br>3. **UNLAWFUL BUSINESS PRACTICES (BUS. & PROF. CODE § 17200, *ET SEQ.*)**<br>4. **VIOLATIONS OF THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE SECTIONS 2698, *ET SEQ.*** |

Plaintiff CECIL FRENCH, an individual, and KATHLEEN BREISACHER, an

individual, on behalf of themselves ("Plaintiffs") and all others similarly situated, and

1

**[PROPOSED] SECOND AMENDED CLASS ACTION COMPLAINT**

**Case No. 3:18-cv-01648-CAB-MSB**

on behalf of the general public, complain of Defendant FIRST TRANSIT, INC., a Delaware corporation ("Defendant") as follows:

# I.   <u>INTRODUCTION</u>

1.      This is a Class Action, brought pursuant to Code of Civil Procedure section 382, on behalf of Plaintiffs and all individuals employed by Defendant and classified as "Para-transit Bus Drivers" worked within the State of California from the date of May 2, 2014, to the present.

2.      From May 2, 2014, to the filing of this action and continuing to the present, Defendant has had a consistent policy of failing to inform Para-transit Bus Drivers of their right to take rest periods and of failing to provide each Para-transit Bus Driver employed within the State of California, including Plaintiffs, rest periods of at least ten (10) minutes per four hours worked or major fraction thereof, in accordance with California law, and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period was not provided, as required by California state wage and hour laws.

3.      From May 2, 2014, to the filing of this action and continuing to the present, Defendant has failed to comply with Labor Code section 226(a) and Industrial Welfare Commission ("IWC") Wage Order 9-2001 by failing to maintain  Plaintiffs and the other aggrieved employees accurate itemized wage statements that properly reflected Plaintiffs and the other aggrieved employees' rest break premiums at the correct regular rate of pay.

4.      From May 2, 2014, to the filing of this action and continuing to the present, Defendant has failed to pay all wages due at the time of termination or resignation to Plaintiffs and/or each Para-transit Bus Driver.

5.      Plaintiffs, on behalf of themselves and all Para-transit Bus Drivers, bring this action pursuant to Labor Code sections 201, 202, 203, 226(a), 226.7, 558, Wage

2

**[PROPOSED] SECOND AMENDED CLASS ACTION COMPLAINT**                    **Case No. 18-cv-01648-CAB-MSC**

ARTIANO SHINOFF

Order 9-2001; and California Code of Regulations, Title 8, Section 11090, seeking rest break premiums, statutory and civil penalties, injunctive and other equitable relief, reasonable attorneys' fees and costs, and interest.

6.     Plaintiffs, on behalf of themselves and all Para-transit Bus Drivers, and on behalf of the general public, pursuant to Business & Professions Code sections 17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendant enjoyed from its unlawful conduct as described herein.

## II.   <u>JURISDICTION</u>

7.     This Court has subject matter jurisdiction over all causes of action asserted herein pursuant to Article VI, section 10, of the California Constitution and California Code of Civil Procedure section 410.10 by virtue of the fact that this is a civil action in which the matter in controversy, exclusive of interest, exceeds $25,000.00, and because each cause of action asserted arises under the laws of the State of California or is subject to adjudication in the courts of the State of California.

8.     This Court has personal jurisdiction over Defendant because Defendant has caused injuries in the County of San Diego and the State of California through its acts, and by its violation of the California Labor Code, California state common law, and California Business & Professions Code sections 17200, *et seq.*

9.     Venue as to each Defendant is proper in this judicial district, pursuant to Code of Civil Procedure section 395.   Defendant operates throughout the State of California and does business within the County of San Diego.   The unlawful acts alleged herein have a direct effect on Plaintiffs and all Para-transit Bus Drivers within the State of California and the County of San Diego.

10.     This case should be classified as complex according to Rule 3.400 of the California Rules of Court and Local Rule 7.3(k) of the San Diego County Superior Court, and assigned to a complex litigation judge and department, as it will involve

**[PROPOSED] SECOND AMENDED CLASS ACTION COMPLAINT**                    **Case No. 18-cv-01648-CAB-MSC**

ARTIANO SHINOFF

substantial documentary evidence, a large number of witnesses, and is likely to involve extensive motion practice raising difficult or novel issues that will be time-consuming to resolve and would require substantial post-judgment judicial supervision.

### III.   PARTIES

#### A. Plaintiff

11.   Plaintiff CECIL FRENCH ("FRENCH") is a resident of California.

12.   Plaintiff FRENCH and all Para-transit Bus Drivers were regularly required to:

  a.   Work without being provided their rest periods as required by California law; and

  b.   Work without being provided an accurate itemized wage statement that reflected all deductions from payment of wages and accurately report total hours worked, including the total daily hours worked and the applicable rates of pay by Plaintiff and the members of the Proposed Class.

#### B. Plaintiff

13.   Plaintiff KATHLEEN BREISACHER ("BREISACHER") is a resident of the County of San Diego, California.

14.   Plaintiff BREISACHER and all Para-transit Bus Drivers were regularly required to:

  a.   Work without being provided their rest periods as required by California law; and

  b.   Work without being provided an accurate itemized wage statement that reflected all deductions from payment of wages and accurately report total hours worked, including the total daily hours worked and

4

**[PROPOSED] SECOND AMENDED CLASS ACTION COMPLAINT**                    **Case No. 18-cv-01648-CAB-MSC**

1    the applicable rates of pay by Plaintiff and the members of the
2    Proposed Class.

3    15.    Defendant willfully failed to compensate Plaintiffs and all Para-transit
4 Bus Drivers for wages earned at the termination of their employment with Defendant.

5    **C. Defendants**

6    16.    Defendant FIRST TRANSIT, INC. is a Delaware corporation licensed to
7 do and doing business throughout the State of California, including the County of San
8 Diego.

9    17.    The true names and capacities, whether individual, corporate, associate,
10 or otherwise, of Defendants sued herein as DOES 1 to 10, inclusive, are currently
11 unknown to Plaintiffs, whom therefore sue Defendants by such fictitious names under
12 Code of Civil Procedure section 474.  Plaintiffs are informed and believe, and based
13 thereon allege, that each of the Defendants designated herein as a DOE is legally
14 responsible in some manner for the unlawful acts referred to herein.  Plaintiffs will
15 seek leave of court to amend this Complaint to reflect the true names and capacities of
16 the Defendants designated hereinafter as DOES when such identities become known.

17    18.    Plaintiffs are informed and believe, and based thereon allege, that each
18 Defendant acted in all respects pertinent to this action as the agent of the other
19 Defendants, carried out a joint scheme, business plan, or policy in all respects
20 pertinent hereto, and the acts of each Defendant are legally attributable to the other
21 Defendants.  Furthermore, Defendants in all respects acted as the employer and/or
22 joint employer of Plaintiffs and Para-transit Bus Drivers.

23    **IV.    FACTUAL BACKGROUND**

24    19.    Plaintiffs and the Proposed Class are, and at all times pertinent hereto,
25 have been classified as non-exempt employees by Defendant.  Defendant hires
26 employees who work as Para-transit Bus Drivers who are paid an hourly rate.

27
28

ARTIANO SHINOFF

5

**[PROPOSED] SECOND
AMENDED CLASS ACTION
COMPLAINT**

**Case No. 18-cv-01648-CAB-MSC**

20.    Upon information and belief, Plaintiffs and the Proposed Class are covered by California Industrial Welfare Commission Occupational Wage Order No. 9-2001.  (Tit. 8, Cal. Code of Regs. § 11090.)

21.    Plaintiffs and all other Para-transit Bus Drivers have been forced by Defendant to work four-hour increments (or major fractions thereof) without being provided with a lawful ten (10) minute rest period in accordance with California law. Additionally, Defendant failed to inform Plaintiffs and the Proposed Class of their right to take lawful rest periods in accordance with California law.

22.    Defendant has failed to comply with IWC Wage Order 9-2001(7) and Labor Code section 226(a) by failing to maintain accurate time records showing the total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours and applicable rates of pay for Plaintiffs and the Proposed Class.

23.    Defendant willfully failed to pay all wages earned Plaintiffs and/or Para-transit Bus Drivers at the time of discharge.  This failure was willful, without legal justification, and in violation of Labor Code sections 201, 202, and/or 203.

## V.    CLASS ACTION ALLEGATIONS

24.    Plaintiffs bring this action on behalf of themselves and all others similarly situated as a Class Action pursuant to Code of Civil Procedures section 382. Plaintiff seeks to represent a Class composed of and defined as follows:

> All persons who are employed or have been employed by FIRST TRANSIT, INC. in the State of California and classified as a Para-transit Bus Driver during the four-year period preceding the filing of this action ("Wage Class")

25.    Plaintiffs reserve the right under Rule 3.765(b) of the California Rules of Court to amend or modify the class description with greater specificity, by division into subclasses, or by limitation to particular issues.

ARTIANO SHINOFF

6

**[PROPOSED] SECOND AMENDED CLASS ACTION COMPLAINT**                    **Case No. 18-cv-01648-CAB-MSC**

26.     This action has been brought and may properly be maintained as a Class Action under the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the Proposed Wage Class is easily ascertainable.

**A. <u>Numerosity</u>**

27.     The potential members of the Proposed Wage Class as defined are so numerous that joinder of all the members of the Proposed Wage Class is impracticable.  While the precise number of proposed Wage Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendant currently employs, and during the relevant time periods employed, more than 1,000 members of the Proposed Wage Class.

28.     Plaintiffs allege that Defendant's employment records would provide information as to the number of members of the Proposed Wage Class and the locations where such class members were employed.  Joinder of all members of the Proposed Wage Class is not practicable.

**B. <u>Commonality</u>**

29.     There are questions of law and fact common to the Proposed Wage Class that predominate over any questions affecting only individual Proposed Wage Class members.  These common questions of law and fact include, without limitation:

a.     Whether Defendant violated Labor Code section 226.7 and IWC Wage Order 9-2001 or other applicable IWC Wage Orders, by failing to inform Plaintiff and the Proposed Wage Class Members of their right to take rest periods in accordance with California law and failing to provide legally required rest periods throughout the term of the Class Period and failing to compensate Para-transit Bus Drivers one (1) hours wages in lieu of rest periods;

ARTIANO SHINOFF

7

**[PROPOSED] SECOND AMENDED CLASS ACTION COMPLAINT**                    **Case No. 18-cv-01648-CAB-MSC**

ARTIANO SHINOFF

b.   Whether Defendant violated Labor Code section 226(a) and Wage Order 9-2001 or other applicable IWC Wage Orders, and Cal. Code Regs., Tit. 8, Sec. 11090, by failing to provide accurate itemized wage statements that reflect all deductions from payment of wages and the total hours worked and the applicable rates, for Plaintiff and the members of the Proposed Wage Class;

c.   Whether Defendant violated Labor Code sections 201 through 203 by failing to pay compensation due and owing at the time Plaintiff and the proposed Wage Class Members' at time of discharge;

d.   Whether Defendant violated Business & Professions Code section 17200, *et seq.*, by engaging in the acts previously alleged; and

e.   Whether Plaintiffs and the members of the Proposed Wage Class are entitled to equitable relief pursuant to Business & Professions Code section 17200, *et seq.*

## C. Typicality

30.   Plaintiffs' claims are typical of the claims of the Proposed Wage Class Members.  Plaintiffs and all members of the proposed Wage Class sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of California statutory and common law, regulations that have the force and effect of law, and statutes as alleged herein.

## D. Adequacy of Representation

31.   Plaintiffs will fairly and adequately represent and protect the interests of the members of the Proposed Wage Class.  Counsel who represent Plaintiffs and the Proposed Wage Class are competent and experienced in litigating large employment class actions.

/ / /

8

**[PROPOSED] SECOND AMENDED CLASS ACTION COMPLAINT**

**Case No. 18-cv-01648-CAB-MSC**

E. **Superiority of Class Action**

32.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Proposed Wage Class Members is not practicable, and questions of law and fact common to the Proposed Class predominate over any questions affecting only individual members of the Proposed Wage Class.  Each member of the Proposed Wage Class has been damaged and is entitled to recovery by reason of Defendant's illegal policy and/or practice of failing to provide lawful rest periods, failing to provide accurate itemized wage statements, and failing to pay all wages due upon discharge.

33.    Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## VI.    FIRST CAUSE OF ACTION
## FAILURE TO ALLOW REST PERIODS PURSUANT TO LABOR CODE § 226.7

34.    Plaintiffs, on behalf of themselves and the Proposed Class, reallege and incorporate by reference all previous paragraphs.

35.    Labor Code section 226.7 requires an employer to pay an additional one (1) hour of compensation for each rest period the employer fails to provide in accordance with California law.  Employees are entitled to a paid ten (10) minute rest break for every four (4) hours worked (or major fraction thereof) in the middle of the work period.  Defendant failed to maintain a policy of informing Plaintiffs and the Proposed Wage Class of this right.

36.    Plaintiffs and the Proposed Wage Class consistently worked shifts with no rest breaks, uninterrupted rest breaks of less than 10 minutes and/or rest breaks that

9

ARTIANO SHINOFF

1 are not provided or scheduled in the middle of a work period and Defendant failed to
2 maintain an accurate policy advising Plaintiffs and the Proposed Class of these rest
3 breaks and failed to provide Plaintiffs and the Proposed Class with rest breaks of not
4 less than ten (10) minutes, as required by the Labor Code, during the relevant time
5 period.

6      37.    Pursuant to Labor Code section 226.7, Plaintiffs and the Proposed Class
7 are entitled to damages in an amount equal to one (1) hour of wages per missed rest
8 period as required by California law in a sum to be proven at trial.

9      38.    Plaintiffs also seek attorneys' fees and costs to the extent permitted by
10 Labor Code section 218.5.

11
12
**VII.   SECOND CAUSE OF ACTION**
**VIOLATION OF LABOR CODE § 226(a)**

13      39.    Plaintiffs, on behalf of themselves and the Proposed Class, reallege and
14 incorporate by reference all previous paragraphs.

15      40.    Section 226(a) of the Labor Code requires employers to itemize in wage
16 statements all deductions from payment of wages, the appropriate rates of pay, and to
17 accurately report total hours worked, and gross/net wages earned by Plaintiffs and the
18 Proposed Class.  Defendant failed to include all deductions from payment of wages,
19 the appropriate rates of pay, and the actual total hours worked, and gross/net wages
20 earned by Plaintiffs.  As a result, Defendant has knowingly and intentionally failed to
21 comply with Labor Code section 226(a).

22      41.    IWC Wage Order 9-2001 requires Defendant to maintain time records,
23 showing, among other things, when the employee beings and ends each work period,
24 split shift intervals, and total daily hours worked in an itemized wage statement, and
25 must show all deductions from payment of wages, and accurately report total hours
26 worked, and gross/net wages earned by Plaintiffs and the members of the Proposed

27
28

**[PROPOSED] SECOND**
**AMENDED CLASS ACTION**
**COMPLAINT**
                               **Case No. 18-cv-01648-CAB-MSC**

ARTIANO SHINOFF

1    Class.  Defendant failed to keep accurate records of the total daily hours worked.

2         42.    An employee suffering injury as a result of a knowing and intentional

3    failure by an employer to comply with Labor Code section 226(a) is entitled to

4    recover the greater of all actual damages or fifty dollars ($50.00) for the initial pay

5    period in which a violation occurs and one hundred dollars ($100.00) for each

6    violation in a subsequent pay period, not exceeding an aggregate penalty of four

7    thousand dollars ($4,000.00), and is entitled to an award of costs and reasonable

8    attorneys' fees.

9         43.    Plaintiffs and the Proposed Wage Class suffered injury from Defendant's

10   knowing and intentional failure to include all deductions from payment of wages, the

11   appropriate rates of pay, and the actual total hours worked, and gross/net wages

12   earned by Plaintiffs, and are therefore entitled to recover the greater of all actual

13   damages or fifty dollars ($50.00) for the initial pay period in which the violation

14   occurred and one hundred dollars ($100.00) for each subsequent violation, not

15   exceeding an aggregate penalty of four thousand dollars ($4,000.00).

16        44.    Plaintiffs also seek attorneys' fees and costs to the extent permitted by

17   Labor Code section 218.5.

**VIII.  THIRD CAUSE OF ACTION**
**UNFAIR COMPETITION PURSUANT TO**
**BUSINESS & PROFESSIONS CODE § 17200**

21        45.    Plaintiffs, on behalf of themselves and the Proposed Class, reallege and

22   incorporate by reference all previous paragraphs.

23        46.    This is a class action for unfair business practices.  Plaintiffs, on behalf of

24   themselves, on behalf of the general public, and on behalf of the Proposed Wage

25   Class, brings this claim pursuant to Business & Professions Code section 17200*, et*

26   *seq*.  The conduct of Defendant as alleged in this Complaint has been and continues to

27   be unlawful, deceptive, unfair and harmful to Plaintiffs, the general public, and the

11

ARTIANO SHINOFF

1  Proposed Wage Class.  Plaintiffs seeks to enforce important rights affecting the public
2  interest within the meaning of Code of Civil Procedure section 1021.5.

3      47.    Plaintiff is a "person" within the meaning of Business & Professions
4  Code section 17204, and therefore, has standing to bring this cause of action for
5  injunctive relief, restitution, and other appropriate equitable relief.

6      48.    Business & Professions Code section 17200, *et seq.,* prohibits unlawful,
7  deceptive and/or unfair business practices.

8      49.    California's wage and hour laws express fundamental public policies.
9  Providing employees with proper wages and compensation are fundamental public
10 policies of this State and of the United States.  Labor Code section 90.5(a) articulates
11 the public policies of this State to enforce vigorously minimum labor standards, to
12 ensure that employees are not required or permitted to work under substandard and
13 unlawful conditions, and to protect law-abiding employers and their employees from
14 competitors who lower their costs by failing to comply with minimum labor standards.

15     50.    Defendant has violated statutes and public policies as alleged herein.
16 Through the conduct alleged in this Complaint, Defendant has acted contrary to these
17 public policies, has violated specific provisions of the Labor Code as alleged herein,
18 and has engaged in other unlawful and unfair business practices in violation of
19 Business & Professions Code section 17200, *et seq*., depriving Plaintiffs, and all
20 persons similarly situated, and all interested persons, of rights, benefits, and privileges
21 guaranteed to all employees under the law.

22     51.    Defendant's conduct, as alleged hereinabove, constitutes unfair
23 competition in violation of Business & Professions Code section 17200*, et seq.*

24     52.    Defendant, by engaging in the conduct herein alleged, either knew, or in
25 the exercise of reasonable care, should have known that the conduct was unlawful.  As
26 such, it is a violation of Business & Professions Code section 17200, *et seq.*

27
28

**[PROPOSED] SECOND**                          **Case No. 18-cv-01648-CAB-MSC**
**AMENDED CLASS ACTION**
**COMPLAINT**

ARTIANO SHINOFF

53.   As a proximate result of the above-mentioned acts of Defendant, Plaintiffs and others similarly situated have been deprived of money and suffered injury in fact and are entitled to restitution of the wages they have been denied due to Defendant's unlawful conduct alleged herein.

54.   Unless restrained, Defendant will continue to engage in the unlawful conduct as alleged above.  Pursuant to Business & Professions Code, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by Defendant, its agents, or employees, of any unlawful or deceptive practices prohibited by the Business & Professions Code, and/or, including, but not limited to, restitution and disgorgement of profits which may be necessary to restore Plaintiffs and members of the Proposed Class the money Defendant has unlawfully failed to pay.

## IX.   FOURTH CAUSE OF ACTION
## VIOLATIONS OF THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE SECTIONS 2698, *ET SEQ.*

55.   Plaintiffs, on behalf of themselves and the Proposed Class, reallege and incorporate by reference paragraphs 1 through 44, inclusive as though fully set forth herein.

56.   California Labor Code sections 2698, *et seq.* authorizes aggrieved employees, such as FRENCH, to bring a civil action against his/her employer to recover civil penalties for various violations of the Labor Code, including the violations alleged herein.

57.   FRENCH has complied with Labor Code section 2699.3, by giving written notice (1) to the Labor and Workforce Development Agency ("LWDA") by filing their Private Attorneys General Act Claim Notice with the LWDA on April 25, 2018, paying the $75.00 filing fee to the LWDA and (2) by certified mail to their employer of the specific provisions of the California Labor Code alleged to have been

13

**[PROPOSED] SECOND AMENDED CLASS ACTION COMPLAINT**

**Case No. 18-cv-01648-CAB-MSC**

ARTIANO SHINOFF

violated, including the facts and theories to support the alleged violations.  A true and correct copy of FRENCH's online filing of his Private Attorneys General Act Claim Notice with the LWDA and proof of payment of the $75.00 filing fee are attached collectively hereto as Exhibit "1".  A true and correct copy of the written notice provided by certified mail to their employer of the specific violations of the California Labor Code by FRENCH and the postmark of such written notice are collectively attached hereto as Exhibit "2".

58.   The Private Attorneys General Act Claim Notice filed by FRENCH with the LWDA was assigned LWDA Case No.: LWDA-CM-532217-18 ("Claim Notice").  The  LWDA has failed to notify FRENCH of its intent to investigate the alleged violations of the California Labor Code set forth in the Claim Notice and Exhibit  "2" hereto within 65 calendar days of the April 25, 2018 postmark date of the notice of violations mailed to FRENCH's employer (Exhibit "2" hereto).

59.   Pursuant to California Labor Code sections 2699.3 and 2699.5, aggrieved employees, including FRENCH, may, as a matter of right, file a complaint alleging a cause of action arising under Labor Code section 2698, *et seq.,* after the following requirements have been met: (a) the aggrieved employee or his/her representative provides written notice by online filing on the LWDA website and by certified mail to the employer of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violation; (b) the aggrieved employee pays a filing fee to the LWDA of $75.00; and (c) the LWDA does not notify the aggrieved employee of its intent to investigate the alleged violations within 65 calendar days of the postmark date of the written notice provided to the aggrieved employees' employer.  FRENCH has standing to bring this action.

60.   At all times relevant hereto, FIRST TRANSIT employed, and continues to employ, FRENCH in San Diego, California in a non-exempt capacity as a Para-

14

ARTIANO SHINOFF

1    transit Bus Driver.

2        61.    At all times relevant hereto, FIRST TRANSIT had in effect a policy

3    whereby FIRST TRANSIT failed to provide its California non-exempt Para-transit

4    Bus Drivers, including FRENCH, uninterrupted rest period(s), and failed to provide

5    its California non-exempt Para-transit Bus Drivers, including FRENCH, a rest period

6    of at least ten (10) minutes for every four (4) hours worked, or major fraction thereof

7    in accordance with California law, and failed to pay such employees one (1) hour of

8    pay at the employees' regular rate of compensation for each work day that a rest

9    period or rest periods were not provided in accordance with California law.

10       62.    At all times relevant hereto, FIRST TRANSIT had in effect a policy

11   whereby FIRST TRANSIT failed to separately compensate its Para-transit Bus

12   Drivers with one (1) hour of pay at their regular rate of pay when they were not

13   provided a rest period in accordance with California law.

14       63.    At all times relevant hereto, FIRST TRANSIT had in effect a policy

15   whereby FIRST TRANSIT failed to furnish its employees, including FRENCH, an

16   accurate itemized wage statement in writing, 1) setting forth the number of hours

17   worked each day, 2) the total hours worked, 3) the appropriate rate of pay for each

18   hour worked, and 4) reflecting rest break premiums paid at employees' regular rate of

19   pay and according to California law.

20       64.    FRENCH, on behalf of himself and all other aggrieved employees of

21   FIRST TRANSIT who work or worked in the capacity of a "Para-transit Bus Driver,"

22   brings this action pursuant to Labor Code sections 2698, *et seq.,* arising out of

23   violations of Labor Code sections   226(a), 226.7, and IWC Wage Order No. 9,

24   California Code of Regulations title 8,  section 11090  ("Wage Order No. 9").

25       65.    Pursuant to California Labor Code section 2699(f) and (g) FRENCH, on

26   behalf of the State of California, and the other similarly situated aggrieved employees,

27

28

**[PROPOSED] SECOND                            Case No. 18-cv-01648-CAB-MSC
AMENDED CLASS ACTION
COMPLAINT**

ARTIANO SHINOFF

are entitled to recover civil penalties in the amount of one hundred dollars ($100) for each aggrieved employee per pay period for each initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorney's fees, for violations of the Labor Code sections 226(a), 226.7 and Wage Order No. 9 as alleged herein.

66.   Labor Code section 226.7 requires an employer to pay an additional one (1) hour of compensation at an employee's regular rate of pay when the employer fails to provide an employee a 10-minute rest period in accordance with California law.

67.   Plaintiff and the other aggrieved Para-transit Bus Drivers consistently worked shifts of four hours or more without being provided a rest period, an uninterrupted rest period of less than 10 minutes and/or rest periods that were not provided or scheduled in the middle of a work period at all times relevant hereto.

68.   Section 226(a) of the Labor Code requires employers to itemize in wage statements all deductions from the payment of wages, the appropriate rates of pay, to accurately report total hours worked, and accurately itemize payments for rest break premiums.  First Transit has failed to comply with Labor Code section 226(a).

## IX.   RELIEF REQUESTED

WHEREFORE, Plaintiffs pray for the following relief:

**ON THE FIRST CAUSE OF ACTION:**

1.   For compensatory damages according to proof and calculated pursuant to the provisions of Labor Code sections 226.7 and 512;

2.   For prejudgment interest;

3.   For statutory penalties pursuant to Labor Code section 203 according to proof;

4.   For reasonable attorneys' fees and costs of suit incurred herein pursuant to Labor Code 218.5;

16

**[PROPOSED] SECOND AMENDED CLASS ACTION COMPLAINT**

**Case No. 18-cv-01648-CAB-MSC**

5.    For a preliminary and permanent injunction requiring Defendant to comply with Labor Code sections 226.7 and 512 and related orders of the IWC; and/or a preliminary and permanent injunction requiring Defendant to provide rest periods, pursuant to Labor Code sections 226.7 and 512 and IWC Wage Order No. 9-2001 for each of their employees who now work, and/or will in the future work, as a Para-transit Bus Driver for Defendant in California; and

6.    For such other and further relief as this Court may deem just and proper.

**ON THE SECOND CAUSE OF ACTION:**

1.    For damages pursuant to Labor Code section 226(a) according to proof at the time of trial;

2.    For statutory penalties pursuant to Labor Code section 226(a) according to proof;

3.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to Labor Code section 218.5;

4.    For preliminary and permanent injunction requiring Defendant to comply with Labor Code section 226(a); and

5.    For such other and further relief as this Court may deem just and proper.

**ON THE THIRD CAUSE OF ACTION:**

1.    That the business practices alleged herein be declared in violation of public policy of the State of California, including but not limited to, Business & Professions Code section 17200, *et seq.*;

2.    For a preliminary and permanent injunction to prevent the use or employment by Defendant of each practice alleged herein and found to be unfair, unlawful and/or deceptive business practices;

3.    For a further order to restore to Plaintiffs, all persons similarly situated, and all members of the proposed class, any money which Defendant may have

**[PROPOSED] SECOND AMENDED CLASS ACTION COMPLAINT**                    **Case No. 18-cv-01648-CAB-MSC**

ARTIANO SHINOFF

acquired by means of each practice alleged and found herein to be unfair, unlawful and/or deceptive business practice;

    4.    For a further order to restore to Plaintiffs, all persons similarly situated, and all members of the proposed class, the value of any compensation and benefits which they were deprived by virtue of Defendant's conduct of engaging in each practice alleged herein and found to be an unfair, unlawful and/or deceptive business practice;

    5.    For costs of suit herein incurred, including reasonable attorneys' fees and costs; and

    6.    For such other and further relief as this Court may deem just and proper.

**ON THE FOURTH CAUSE OF ACTION:**

    1.    For civil penalties pursuant to California Labor Code section 2699(f) and (g) in the amount of $100 dollars for each violation per pay period for each initial violation and $200 for each aggrieved employee per pay period for each subsequent violation of California Labor Code sections 226(a), 226.7 and/or Wage Order No. 9;

    2.    For attorney's fees and costs; and

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

18

**[PROPOSED] SECOND AMENDED CLASS ACTION COMPLAINT**

**Case No. 18-cv-01648-CAB-MSC**

ARTIANO SHINOFF

1        3.    For such other and further relief as the Court may deem equitable and

2    appropriate.

3

4                                           Respectfully Submitted,

5    Dated: September   , 2019              ARTIANO SHINOFF

6                                         By: _s/ Daniel R. Shinoff_

7                                         Daniel R. Shinoff
                  dshinoff@as7law.com

8                Paul V. Carelli, IV, Esq.
                  pcarelli@as7law.com

9                Gil Abed
                  gabed@as7law.com
                Attorneys for Plaintiff CECIL FRENCH

10

11   Dated: September   , 2019              LAW OFFICES OF SHELDON A.
                 OSTROFF

12                                          By: _s/ Sheldon A. Ostroff_

13                                        Sheldon A. Ostroff
                  sostrofflaw@gmail.com

14               Attorneys for Plaintiff CECIL FRENCH

15

16

17

18

19

20

21

22

23

24

25

26

27                                                  19

28   **[PROPOSED] SECOND**                   **Case No. 18-cv-01648-CAB-MSC**
     **AMENDED CLASS ACTION**
     **COMPLAINT**

ARTIANO SHINOFF